## BRAWNER *vs.* BELL.

1. A married woman has the right to dismiss her bill in Chancery in re-
lation to her separate estate, against the wish of her next friend.

In Equity, in Elbert Superior Court. Decision by the
Honorable THOMAS W. THOMAS, presiding Judge, at March
Term, 1860.

Mrs. Elizabeth E. Brawner, by her next friend, Thomas
Bell, filed her bill in equity against her husband, Benajah
H. Brawner, praying that he might be removed from his
trusteeship of certain property belonging to her as *cestui que
trust*, and that a receiver be appointed to take possession and
control of the property (negroes) during the litigation and
until another trustee was appointed. The bill charged that
complainant and her husband had resided in the State of
Alabama, but that owing to his violence, cruelty and drunk-
enness, she had been compelled to leave him and return to
her friends in Elbert county, Georgia, and that she brought
said negroes back with her ; that since her return to Elbert,
said Benajah, her husband, has pursued her and lurks around
the neighborhood, seeking to seize and carry off to Alabama
said negroes. The bill prayed the appointment of a receiver,

and that defendant be enjoined from interfering with said negroes. This bill was filed 7th October, 1859, and William T. Vanduzer was complainant's solicitor. The Judge to whom the bill was presented, on the 8th October, 1859, granted the order appointing William G. Bullard receiver, and ordered the negroes to be seized by the sheriff and delivered to said receiver, which was done. The defendant, Benajah H. Brawner, was never served with the copy of the bill, subpœna, or other process in the cause.

On the 5th November, 1859, the said Elizabeth E. Brawner filed in the Clerk's office a writing dismisssing said bill, and directing the Clerk to enter it as dismissed. She, about the same time, presented a petition to the Judge at Chambers, praying that said bill should be dismissed, and that her husband should continue and remain as trustee. She stated in her petition that she and her husband had become reconciled to each other; that he had returned to Alabama and purchased a farm there, and that she desired to go and live with him, and that they should have the use and services of the negroes, which were essential to her comfort. She prayed that the order appointing the receiver might be rescinded; that the negroes be restored to her husband, and that the bill be dismissed. She further offered to pay all cost, and reasonable counsel fees, etc.

The motion to dismiss was resisted by the next friend, Bell, and the presiding Judge, after argument, overruled the motion, and refused to dismiss the bill or grant any of the orders prayed for.

To which decision counsel for Mrs. Brawner excepted, and assigned the same as error.

HESTER & AKERMAN, for plaintiff in error.

No appearance for defendant.

*By the Court.*—STEPHENS, J., delivering the opinion.

We do not think that the next friend had any right to prevent the complainant from dismissing her own bill. It was her bill, not his, he being interposed only to have a party responsible for cost. She offered to pay the cost, and so relieved the next friend of all interest which he had in the

matter. *Her will* was necessary to the *commencement* of the suit, and why not equally necessary to its maintenance? Courts may take care of the interest of idiots, lunatics and minors, against their wills, but not married women. These, as to their separate estates, are in effect *femes sole,* with capacity and will which equity will not disregard. A complainant may dismiss his bill when he chooses, provided the dismissal does not injure the other parties. This lady was the real party complainant, and the other party was consenting to the motion. There was no suggestion of injury to anybody but herself, and of that, she had capacity to judge for herself.

Judgment reversed.